# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) ) | **COMPLAINT** |
| ) | JURY TRIAL DEMAND |
| LIBERTY SUPPORT SERVICES, INC. ) ) | |
| Defendant. ) ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Thomas Green and other similarly situated former employees (collectively "Claimants"), who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff United States Equal Employment Opportunity Commission (the "Commission") alleges that Liberty Support Services, Inc. ("Defendant") discriminated against the Claimants by terminating their employment because of their ages and/or failing to rehire Claimants for the position of rest area attendant because of their ages, in violation of the ADEA. The Commission further alleges that since at least June 26, 2017, Defendant has failed to preserve employment records as required by the ADEA and the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938, (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA. The Commission is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, a North Carolina corporation engaged in rest area maintenance through contracts with the North Carolina Department of Transportation ("NC DOT"), has continuously been doing business in the State of North Carolina and the County of Cherokee, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. § § 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Thomas Green ("Green") filed a charge with the Commission alleging violations of the ADEA by Defendant.

7.      On July 30, 2018 the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant discharged Green and other similarly situated former employees in violation of the ADEA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the July 30, 2018 Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On November 21, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     On March 18, 2019, the Commission issued to Defendant an Amended Determination also finding reasonable cause to believe that Defendant failed to hire Green and other similarly situated former employees in violation of the ADEA and inviting Defendant to further join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the March 18, 2019 Amended Determination.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On May 7, 2019, the Commission issued to Defendant second Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS – THOMAS GREEN**

16. In or around December 2016, Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623(a), as more fully described below.

17. Green was initially employed as a rest area attendant for the NC DOT Cherokee County rest area by a different company ("predecessor company") in or around 2007 and worked in that position until Defendant took over the rest area in or around 2013.

18. The predecessor company was owned by Defendant's owner's current or former spouse.

19. In or around 2013, Defendant took over management of the NC DOT Cherokee County rest area from the predecessor company.

20. From in or around 2013 until at least December 2016, Defendant employed Green as a rest area attendant for the NC DOT Cherokee County rest area.

21. In or around December 2016, NC DOT closed the Cherokee County rest area for renovations.

22. At the time the rest area closed for renovations, Green was laid off by Defendant and expected to return to work when the rest area reopened.

23. At the time the rest area closed for renovations, Green was not told that he was discharged from his employment with Defendant.

24. In or around May 2017, Green learned that he had been discharged by Defendant effective in December 2016.

25. Around December 2016, Defendant discharged Green from his position as a rest area attendant for the NC DOT Cherokee County rest area. At the time of his discharge, Green was age 57.

26. At all relevant times, Green performed his job at a level that met Defendant's legitimate expectations.

27. In or around May 2017, when the NC DOT Cherokee County rest area reopened, Defendant hired an individual under the age of 40 for the rest area attendant position previously held by Green.

28. Defendant discharged Green on the basis of his age, then 57.

29. And/or in the alternative, in or around May 2017, Defendant refused to rehire Green as a rest area attendant for the NC DOT Cherokee County rest area because of his age, then 57.

30. In or around May 2017, Defendant sought to fill the rest area attendant position at the NC DOT Cherokee County rest area previously held by Green; Green was qualified for the open rest area attendant position Defendant sought to fill; Defendant did not rehire Green for the open rest area attendant position despite his qualifications; Defendant hired an individual substantially younger than Green for the open rest area attendant position.

31. But for Green's age, then 57, Defendant would have rehired Green for the open rest area attendant position in or about May 2017.

## STATEMENT OF CLAIMS – CLASS ALLEGATIONS

32. The allegations set forth in paragraphs 16 through 31 are incorporated as if set forth fully herein.

Diane Derreberry

33. Diane Derreberry ("Derreberry") was initially employed as a rest area attendant for the NC DOT Cherokee County rest area by the predecessor company in or around 2000 and worked in that position until Defendant took over the rest area in or around 2013.

34. From in or around 2013 through at least December 2016, Defendant employed Derreberry as a rest area attendant for the NC DOT Cherokee County rest area.

35. In or around December 2016, NC DOT closed the Cherokee County rest area for renovations.

36. At the time the rest area closed for renovations, Derreberry was laid off by Defendant and expected to return to work when the rest area reopened.

37. At the time the rest area closed for renovations, Derreberry was not told that she was discharged from her employment with Defendant.

38. In or around May 2017, Derreberry learned that she had been discharged by Defendant effective in December 2016.

39. Around December 2016, Defendant discharged Derreberry from her position as a rest area attendant for the NC DOT Cherokee County rest area. At the time of her discharge, Derreberry was age 56.

40. At all relevant times, Derreberry performed her job at a level that met Defendant's legitimate expectations.

41. In or around May 2017, when the NC DOT Cherokee County rest area reopened, Defendant hired an individual under the age of 40 for the rest area attendant position previously held by Derreberry.

42. Defendant discharged Derreberry on the basis of her age, then 56.

43. And/or in the alternative, in or around May 2017, Defendant refused to rehire Derreberry as a rest area attendant for the NC DOT Cherokee County rest area because of her age, then 56.

44. In or around May 2017, Defendant sought to fill the rest area attendant position at the NC DOT Cherokee County rest area previously held by Derreberry; Derreberry was qualified for the open rest area attendant position Defendant sought to fill; Defendant did not rehire Derreberry for the open rest area attendant position despite her qualifications; Defendant hired an individual substantially younger than Derreberry for the open rest area attendant position.

45. But for Derreberry's age, then 56, Defendant would have rehired Derreberry for the open rest area attendant position in or around May 2017.

Sandra Lynn Adams

46. From in or around December 2015 through at least December 2016, Defendant employed Sandra Lynn Adams ("Adams") as a rest area attendant for the NC DOT Cherokee County rest area.

47. In or around December 2016, NC DOT closed the Cherokee County rest area for renovations.

48. At the time the rest area closed for renovations, Adams was laid off by Defendant and expected to return to work when the rest area reopened.

49. At the time the rest area closed for renovations, Adams was not told that she was discharged from her employment with Defendant.

50. In or around May 2017, Adams learned that she had been discharged by Defendant effective in December 2016.

51. Around December 2016, Defendant discharged Adams from her position as a rest area attendant for the NC DOT Cherokee County rest area. At the time of her discharge, Adams was age 57.

52. At all relevant times, Adams performed her job at a level that met Defendant's legitimate expectations.

53. In or around May 2017, when the NC DOT Cherokee County rest area reopened, Defendant hired an individual under the age of 40 for the rest area attendant position previously held by Adams.

54. Defendant discharged Adams on the basis of her age, then 57.

55. And/or in the alternative, in or around May 2017, Defendant refused to rehire Adams as a rest area attendant for the NC DOT Cherokee County rest area because of her age, then 57.

56. In or around May 2017, Defendant sought to fill the rest area attendant position at the NC DOT Cherokee County rest area previously held by Adams; Adams was qualified for the open rest area attendant position Defendant sought to fill; Defendant did not rehire Adams for the open rest area attendant position despite her qualifications; Defendant hired an individual substantially younger than Adams for the open rest area attendant position.

57. But for Adam's age, then 57, Defendant would have rehired Adams for the open rest area attendant position in or around May 2017.

Charlie Cable

58. Charlie Cable ("Cable") was initially employed as a rest area attendant for the NC DOT Cherokee County rest area by the predecessor company in or around 2000 and worked in that position under Defendant took over the rest area in or around 2013.

59. From in or around 2013 through at least December 2016, Defendant employed Cable as a rest area attendant for the NC DOT Cherokee County rest area.

60. In or around December 2016, NC DOT closed the Cherokee County rest area for renovations.

61. At the time the rest area closed for renovations, Cable was laid off by Defendant and expected to return to work when the rest area reopened.

62. At the time the rest area closed for renovations, Cable was not told that he was discharged from his employment with Defendant.

63. In or around May 2017, Cable learned that he had been discharged by Defendant effective in December 2016.

64. Around December 2016, Defendant discharged Cable from his position as a rest area attendant for the NC DOT Cherokee County rest area. At the time of his discharge, Cable was age 47.

65. At all relevant times, Cable performed his job at a level that met Defendant's legitimate expectations.

66. In or around May 2017, when the NC DOT Cherokee County rest area reopened, Defendant hired an individual under the age of 40 for the rest area attendant position previously held by Cable.

67. Defendant discharged Cable on the basis of his age, then 47.

68. And/or in the alternative, in or around May 2017, Defendant refused to rehire Cable as a rest area attendant for the NC DOT Cherokee County rest area because of his age, then 47.

69. In or around May 2017, Defendant sought to fill the rest area attendant position at the NC DOT Cherokee County rest area previously held by Cable; Cable was qualified for the open rest area attendant position Defendant sought to fill; Defendant did not rehire Cable for the open rest area attendant position despite his qualifications; Defendant hired an individual substantially younger than Cable for the open rest area attendant position.

70. But for Cable's age, then 47, Defendant would have rehired Cable for the open rest area attendant position in or around May 2017.

71. Defendant discharged the Claimants from their positions as rest area attendants at the NC DOT Cherokee County rest area in or around December 2016 based on their respective ages.

72. Defendant refused to rehire the Claimants for the positions they previously held as rest area attendants at the NC DOT Cherokee County rest area in or around May 2017 based on their respective ages.

73. The effect of the practices complained of above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as an employee and/or applicant for employment because of their ages.

74. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS – FAILURE TO PRESERVE RECORDS

75. Since at least June 26, 2017, Defendant has failed to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA, in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and the Commission's procedural regulations, 29 C.F.R. 1602.14.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it, from discriminating against employees or applicants because they are 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age or older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, as well as an equal sum as liquidated damages, and/or prejudgment interest in lieu thereof, for Defendant's willful conduct toward Green, Derreberry, Adams and Cable.

D. Order Defendant to make Green, Derreberry, Adams and Cable, who were adversely affected by the unlawful employment practice described above, whole by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, rightful place hiring, and/or front pay.

E. Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and the Commission's procedural regulations, 29 C.F.R. 1602.14.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 25th day of June 2019.

                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION

                                        JAMES L. LEE
                                        Deputy General Counsel

                                        GWENDOLYN YOUNG REAMS
                                        Associate General Counsel
                                        Equal Employment Opportunity Commission
                                        131 M. Street, NE
                                        Washington, D.C. 20507

                                        *Lynette A. Barnes*_____
                                        LYNETTE A. BARNES (N.C. Bar 19732)
                                        Regional Attorney

                                        KARA GIBBON HADEN
                                        Supervisory Trial Attorney


                                        *Katherine J. Christy*_____
                                        KATHERINE J. CHRISTY (I.L. Bar No. 6282803)
                                        Senior Trial Attorney
                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        Charlotte District Office
                                        129 West Trade Street, Suite 400
                                        Charlotte, North Carolina 28202
                                        Telephone: 704.954.6464
                                        Facsimile: 704.954.6412
                                        Email: katherine.christy@eeoc.gov

                                        **ATTORNEYS FOR PLAINTIFF**