| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CONSENT DECREE** |
| ) | |
| LIBERTY SUPPORT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' joint Motion for Entry of Consent Decree. [Doc. 21].

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217. The Commission's Complaint alleges that Defendant Liberty Support Services, Inc. (the "Defendant") violated the ADEA when it discharged and/or failed to re-hire Thomas Green, Charlie Cable, Iris "Diane" Derreberry, and Sandra "Lynn" Adams because of their ages. [Doc. 1].

The Commission and the Defendant stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of the Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 28 below.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

(1) The Defendant shall not discriminate against any person on the basis of age within the meaning of the ADEA, including by terminating and/or failing to hire an individual because of his or her age.

(2) The Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or

the participation in any investigation, proceeding or hearing under that statute.

(3) The Defendant shall pay the total sum of $34,750.00 in settlement of the claims in this action to the Claimants as follows:

   a. Thomas Green, $20,750.00. The Defendant shall make payment by issuing a cashier's check payable to Thomas Green;

   b. Charlie Cable, $5,000.00. The Defendant shall make payment by issuing a cashier's check payable to Charlie Cable;

   c. Iris "Diane" Derreberry, $8,000.00. The Defendant shall make payment by issuing a cashier's check payable to Iris Derreberry; and

   d. Sandra "Lynn" Adams, $1,000.00. The Defendant shall make payment by issuing a cashier's check payable to Sandra Adams.

Payment shall be made within ten (10) days after the Court approves this Consent Decree. The Defendant shall mail a cashier's check to each of Thomas Green, Charlie Cable, Iris "Diane" Derreberry and Sandra "Lynn" Adams in the amounts listed above, at addresses provided by the

Commission. Within ten (10) days after the checks have been sent, the Defendant shall send to the Commission, a copy of each cashier's check and proof of delivery to Thomas Green, Charlie Cable, Iris "Diane" Derreberry, and Sandra "Lynn" Adams.

(4) The Defendant shall pay Thomas Green's attorney fees in the amount of $4,389.00 directly to Thomas Green's attorney, Jessica Leaven, Esq., within ten (10) days after the Court approves this Consent Decree. The Defendant shall make payment by issuing a check to Grimes, Teich, Anderson, LLP at 535 College St., Asheville, NC 28801 with attention to Kelly Weaver. Within ten (10) days after the check has been sent, the Defendant shall send to the Commission a copy of the check and proof of delivery.

(5) Personal Guarantee of Payment: Ms. Carolyn Hartley, Owner and President of the Defendant, in her individual capacity and by her signature on the parties' joint Motion, in consideration for the EEOC's agreement to resolve its suit against Defendant on terms agreed for in this Decree, hereby agrees and personally and individually guarantees that in the event that the Defendant fails or is unable to timely make any of the monetary relief payments set forth in paragraphs 3 and 4 above, shall promptly make any such payments required by this Decree from her own individual assets and shall be personally liable for such payment. This Paragraph shall be

4

enforceable as an Order of this Court pursuant to the procedures set forth in Paragraph 19 below. Any bankruptcy, reorganization or dissolution of the Defendant (or any successor, assign or other entity) will have no effect on the obligation of Carolyn Hartley to make payments due and owing under this Decree.

(6) Neither the Commission nor the Defendant make any representation, or assume any responsibility for any tax liability, assessment, interest, penalties and/or cost that any Claimant receiving monetary relief pursuant to paragraphs 3 and 4 above, may or may not incur on such payments under local, state and/or federal law.

(7) The Defendant shall reinstate Sandra "Lynn" Adams to the next available non-seasonal part-time custodial/attendant position at the Andrews Rest Area.

(8) Within ten (10) days of the entry of this Consent Decree by the Court, the Defendant shall eliminate from the employment records of Thomas Green, Charlie Cable, Iris "Diane" Derreberry and Sandra "Lynn" Adams any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2017-01699 and the related events that occurred thereafter, including this litigation.

(9)   Within ten (10) days of the entry of this Consent Decree by the Court, the Defendant shall change all references in its paper and electronic personnel records for Thomas Green, Charlie Cable, Iris "Diane" Derreberry, and Sandra "Lynn" Adams from "terminated" to "Laid Off" and "eligible for rehire." Within fifteen (15) days of the entry of this Consent Decree by the Court, the Defendant shall report compliance with this provision to the Commission.

(10)  Within ninety (90) days of the entry of this Consent Decree by the Court, the Defendant shall adopt and implement a formal recruitment policy consistent with its obligations under the ADEA. Such policy shall explicitly provide for the elimination from all job postings and/or advertisements of any reference to alleged physical requirements for the position of rest area attendant that are not essential functions of the position or physical requirements related to the essential functions of the position. Within one hundred (100) days of the entry of this Decree, the Defendant shall report compliance to the Commission.

(11)  Within ninety (90) days of the entry of this Consent Decree by the Court, the Defendant shall adopt and implement a formal records preservation policy consistent with its obligations under Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and the Commission's procedural regulations, 29

C.F.R. 1602.14. Within one hundred (100) days of the entry of this Decree, the Defendant shall report compliance to the Commission.

(12)  Within ninety (90) days of the entry of this Consent Decree by the Court, the Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADEA and its prohibition against discrimination on the basis of age; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. The Defendant shall distribute to each current employee a copy of the policy within the ninety (90) day period. Within one hundred (100) days of the entry of this Decree, the Defendant shall report compliance to the Commission. During the term of this Decree, the Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

(13)  During the term of this Consent Decree, the Defendant shall post a copy of the policy described in paragraph 12, *supra*, in each rest area at which the Defendant provides services in a place where it is visible to employees. If a policy becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the policy. Within one hundred (100)

7

days of the entry of this Consent Decree by the Court, the Defendant will post the policy and notify the Commission that it has been posted.

(14) During the term of this Consent Decree, the Defendant shall provide an annual training program to all of its owners, managers, supervisors and employees. Each training program shall include an explanation of the requirements of the ADEA and its prohibition against discrimination based on age. Each training program shall also include an explanation of the Defendant's policy referenced in paragraph 12 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

(15) The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, the Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. The Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, the Defendant shall

certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

(16) Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, the Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in each rest area at which the Defendant provides services in a place where it is visible to the Defendant's employees. If a Notice becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, the Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

(17) During the term of this Consent Decree, the Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    a. the identity of each individual who applied or was otherwise considered for employment with the Defendant at any time during the reporting period, including by way of identification each individual's full name; date of birth or

age, if known; address; telephone number; email address; date of application; and position applied or considered for;

b. for each person identified in response to 17.a., above, if the individual was hired, provide the position and date of hire; if the individual was not hired state the reason therefore;

c. the full name and job title of all individuals involved in all hiring decisions referenced in 17.b.;

d. the identity of each employee terminated by the Defendant at any time during the reporting period, including by way of identification each employee's full name; date of birth; last known address; last known telephone number; last known e-mail address; job title; and date of termination;

e. for each person identified in response to 17.d., above, a detailed description of the reason for the termination, including the names and job title of all individuals involved in the termination decision.

The Defendant shall provide the social security number of an individual identified in response to 17.a. or 17.d. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, the Defendant shall send the Commission a "negative" report indicating no activity.

(18) The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect the North Carolina rest areas for which the Defendant provides services and examine and copy documents. With twenty-four (24) hours prior notice to the contact identified in Paragraph 21, the Commission may interview employees.

(19) If anytime during the term of this Consent Decree, the Commission believes that the Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to the Defendant. The Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

(20) The term of this Consent Decree shall be for three (3) years from its entry by the Court.

(21) All notices to the Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Carol Hartley via email

at Queenoharts1@aol.com. If, at any time during the term of this Consent Decree, the Defendant's designated point of contact changes, the Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

(22) All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to: Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

(23) Each party shall bear its own costs and attorney's fees.

(24) This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

(25) In the event of non-payment, it is acknowledged that the monetary relief provided for herein is a debt owed to and collectible by the United States, or its proxy, notwithstanding that Claimants are the ultimate beneficiary of such monetary relief.

(26) In the event of non-payment, it is acknowledged that the monetary relief provided in Paragraphs 3 and 4 is a debt owed to and

collectible by each individual identified in Paragraphs 3 and 4 in the amounts listed in Paragraphs 3 and 4.

(27)  If the Defendant files for bankruptcy during the pendency of the Decree, any debt will be given priority in the bankruptcy action.

(28) This Decree is binding on any and all successors to the Defendant, regardless of whether the Defendant has provided a copy of this Decree to them.

**IT IS SO ORDERED.**

Signed: October 23, 2020

Martin Reidinger
Chief United States District Judge

**Exhibit A**



# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Liberty Support Services, Inc. in a case of alleged discrimination based on age.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADEA specifically prohibits discrimination based on age. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Liberty Support Services, Inc. will comply with such federal laws in all respects. Furthermore, Liberty Support Services, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the EEOC.

**DO NOT REMOVE THIS NOTICE UNTIL:**

October 23, 2023